**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manetirony Clervrain, et al., | No. CV-22-00511-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Mark Walker, et al., | |
| Defendants. | |

On March 30, 2022, Manetirony Clevrain ("Plaintiff"), who is proceeding *pro se*, filed a sprawling, at times incomprehensible complaint. (Doc. 1.)

It also appears that Plaintiff tried to file an application to proceed in forma pauperis by way of filing a "motion for mitigating financial burden." (Doc. 3.) Fabrice Thomas, an improper co-plaintiff as further explained below, separately filed an application for leave to proceed in forma pauperis. (Doc. 2.)

For the following reasons, the motion for mitigating financial burden (Doc. 3) is denied without prejudice, Fabrice Thomas's application for leave to proceed in forma pauperis (Doc. 2) is granted, and the complaint (Doc. 1) is dismissed without prejudice.

**I.     In Forma Pauperis**

Fabrice Thomas's application for leave to proceed in forma pauperis indicates that he has insufficient funds to pay the filing fee for this action. Accordingly, his application is granted.

Plaintiff's motion for mitigating financial burden is denied without prejudice. The

Court requires a specific form be used when a party wishes to proceed without prepaying fees or costs. Administrative Office of the U.S. Courts, Fee Waiver Application Forms, https://www.uscourts.gov/forms/fee-waiver-application-forms (Apr. 12, 2022).

## II.     Statutory Screening Of In Forma Pauperis Complaints

The Court is required to screen complaints brought in forma pauperis.[1] 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is]. . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

As the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se individual] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd.*

---

[1] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

*of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

### III. The Complaint

The caption of the complaint suggests that Plaintiff is only one of multiple plaintiffs in this action, and Plaintiff has purported to file a notice of appearance on behalf of Fabrice Thomas. (Doc. 4.) However, only Plaintiff signed the complaint.

The caption of the complaint also suggests that Plaintiff is suing a dozen or more defendants, but only four defendants are named in the body of the complaint, and all of them are federal judges of U.S. district courts outside of Arizona. (Doc. 1 at 2-3.)

The complaint, though extremely difficult to follow, suggests that Plaintiff is suing these defendants based on the rulings they issued in various cases. (*Id.* at 5 ["[D]efendants are liable for intervening cause that is part of the conspiracy claims upon reliefs can be granted. . . [t]he only question presented here is whether we should overrule those decisions."].) It also appears that Plaintiff seeks relief under the Federal Tort Claims Act but does not allege how and why he is entitled to such relief. In another part of the complaint, Plaintiff discusses events that occurred in Haiti and requests this Court to "freeze asset[s] of those involved in the conspiracies, particularly those criminals involved in crimes against [h]umanity in the [R]epublic of Haiti." (*Id.* at 9.)

Plaintiff also seeks "$60 billion[] for the alleged injuri[e]s in fact, $35 billion[] [dollars] for the development of the ['brandako, Inc'], and $100 [m]illion[] dollars against each individual[] involved in the conspiracy." (*Id.* at 12.) The complaint does not allege why those sums are appropriate or why the named defendants can or should be held liable for such relief.

### IV. Screening

The complaint is deficient for several reasons.

First, the complaint falls far short of satisfying the requirements of Federal Rule of Civil Procedure 8. Plaintiff does not provide a "short and plain statement" for each claim.

1    Even with the most liberal review, the complaint is extremely challenging to follow
2    because Plaintiff does not list out his separate counts or factual allegations to support his
3    claims. Rather, the complaint is verbose and meandering, without providing the necessary
4    facts. A complaint must contain "a short and plain statement of the claim showing that the
5    pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be
6    simple, concise, and direct." Fed. R. Civ. P. 8(e)(1); *see also Kennedy v. Andrews*, 2005
7    WL 3358205, *3 (D. Ariz. 2005) (dismissing the complaint, in part, after conducting an in
8    forma pauperis screening because the complaint failed to comply with Rule 8).

Next, Plaintiff's notice of appearance on behalf of Fabrice Thomas is inappropriate. (Doc. 4.) A non-attorney, like Plaintiff, "may appear in propria persona in his own behalf, [but] that privilege is personal to him" and "[h]e has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (internal citations omitted). Therefore, Plaintiff may appear on his own behalf but for no other listed plaintiff. Should Fabrice Thomas wish to be a proper plaintiff, he must sign and file a complaint.

Furthermore, Plaintiff's attempt to sue various chief judges for monetary damages due to adverse rulings is also improper. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985).

Finally, it is not entirely clear that the District of Arizona is the proper venue for this action. *Costlow v. Weeks*, 790 F.2d 1486, 1487 (9th Cir. 1986) (affirming district court's sua sponte dismissal of a complaint for improper venue). The alleged violations occurred outside of Arizona (presumably Haiti), and all the defendants named in the complaint appear to reside in Florida, West Virginia, Kentucky, and Virginia. Arizona is not mentioned once in the complaint.

## V.   Leave to Amend

Plaintiff is granted an opportunity, if he so chooses, to amend his complaint and to refile an application to proceed in forma pauperis. Any amended complaint must contain short, plain statements with each claim for relief identified in separate sections. In the

amended complaint, Plaintiff must write out the rights he believes were violated, the name of the person and/or entity who violated the right, exactly what that individual or entity did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's right, and what specific injury Plaintiff suffered because of the other person's or entity's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim must be set forth in a separate count. Any amended complaint filed by Plaintiff must conform to the requirements of Rule 8 of the Federal Rules of Civil Procedure, which includes "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Plaintiff should also heed this Court's warning about filing suits against judges when judicial immunity shields them from lawsuits like his.

Accordingly,

**IT IS ORDERED**:

(1) The complaint (Doc. 1) is **dismissed** without prejudice.

(2) Plaintiff may, by May 5, 2022, file a First Amended Complaint ("FAC"). The FAC must adhere to LRCiv 7.1 and must follow the guidance provided in this order.

(3) If Plaintiff elects not to file a FAC by May 5, 2022, the Clerk shall terminate this action.

(4) Plaintiff's motion for mitigating financial burden (Doc. 3) is **denied** without prejudice.

(5) Fabrice Thomas's application to proceed in forma pauperis (Doc. 2) is **granted**.

(6) Fabrice Thomas, Emmanuel Benjoassint, Michael Smith, Wesner Compere, Josue Clervrain, Joanna Jean, Jhim Francois, and Brandako Incorporated are **dismissed** from this action. Should Fabrice Thomas wish to be a proper plaintiff, he must sign and file a complaint by May 5, 2022.

…

…

…

(7) All other pending motions (Docs. 5-12) are **denied** without prejudice.

Dated this 14th day of April, 2022.

Dominic W. Lanza
United States District Judge